UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. _____

HOLLANDER HOME FASHIONS, LLC,

    Plaintiff,

vs.

LA-Z-BOY, INC.,

    Defendant.
_____/

## COMPLAINT

Plaintiff, Hollander Home Fashions, LLC ("Hollander"), by and through its undersigned counsel, hereby files its Complaint against Defendant, La-Z-Boy, Inc. ("Defendant"), and alleges as follows:

### NATURE OF THE SUIT

This is an action in which, *inter alia,* Hollander seeks pecuniary and injunctive relief from the various acts of Defendant arising under the Trademark Laws of the United States, 15 U.S.C. §§ 1051 *et seq.* and the Federal common law, and an order instructing the United States Patent and Trademark Office to deny registration of Defendant's Application Serial No. 85/119,481, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119 *et seq.* Defendant's illegal acts have irreparably harmed the goodwill and reputation of Hollander, and have caused Hollander significant damage.

### PARTIES

1. Plaintiff, Hollander Home Fashions, LLC, is a Delaware limited liability company with offices at 6560 West Rogers Circle, Boca Raton, FL 33487-2746.

2. Upon information and belief, Defendant, La-Z-Boy Inc., is a Michigan corporation with offices throughout the state of Michigan and southern district of Florida, including, 3661 North Federal Highway, Ft. Lauderdale, FL 33308.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this dispute pursuant to 15 U.S.C. § 1121, 28 U.S.C. § 1331, and 28 U.S.C. § 1338(a), as this action arises under the Trademark Laws of the United States.

4. This Court also has diversity jurisdiction arising under 28 U.S.C. § 1332(a), because Hollander and the Defendant have complete diversity of citizenship, and the amount in controversy exceeds, exclusive of interests and costs, the sum of Seventy Five Thousand Dollars ($75,000.00).

5. The claims alleged in this Complaint arise in the state of Florida and elsewhere.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391.

## BACKGROUND

### Plaintiff's Registered Trademark Rights

7. Hollander is a supplier of bedding including pillows, comforters, blankets, throws, featherbeds, fiberbeds, and mattress pads. For over 57 years, Hollander has built a business that is now the largest supplier of bed pillows in North America.

8. Hollander prides itself on the quality of its products and its commitment to excellence, and expends considerable sums in marketing and advertising to cultivate the extensive goodwill that it has developed with its customers both nationally and internationally.

9. Hollander uses the trademark LIVE COMFORTABLY to refer to its products and prominently displays this trademark in its advertising and on its website.

10. Hollander owns a number of registered trademarks in the United States, including registrations for the marks LIVE COMFORTABLY and UNE VIE DOUILLETTE (the French translation of "live comfortably") (collectively the "Hollander Marks"). The Hollander Marks are distinctive of the products offered by Hollander. These registered marks include the following:

| Reg. No. | Trademark | Registered | First Used | Goods/Services |
|---|---|---|---|---|
| 2,751,427 | LIVE COMFORTABLY | August 12, 2003 | June 2002 | Pillows, Fabric Valances, in Class 20 (U.S. Cls. 2, 13, 22, 25, 32, and 50); Comforters, Bed Sheets, Pillow Cases, Bed Ruffles, Pillow Shams, Duvet Covers, Table Rounds and Window Treatments, namely, Window Curtains, Window Scarves, Fabric Curtain Tiebacks and Textile Window Covering Panels, Dust Ruffles, Mattress Pads, Bed Blankets, Mattress Toppers, Mattress Covers, and Featherbeds, in Class 24 (U.S. Cls. 42 and 50). |
| 2,851,928 | UNE VIE DOUILLETTE | June 8, 2004 | July 2003 | Comforters, Bed Sheets, Pillow Cases, Bed Ruffles, Pillow Shams, Duvet Covers, Table Rounds and Window Treatments namely Window Curtains, Window Scarves, Fabric Curtain Tiebacks and Textile Window Covering Panels, Dust Ruffles, Mattress Pads, Bed Blankets, Fabric Valances, Mattress Covers, in Class 24 (U.S. Cls. 42 and 50). |

11. Each of these marks has become well known in the industry and has established substantial goodwill through its use in connection with the goods associated with Hollander. Thus, even independent of Hollander's federal trademark registrations, Hollander possesses extensive common law trademark rights in the Hollander Marks.

3

12. The registrations for Hollander Marks are in full force and effect, and have become incontestable pursuant to 15 U.S.C. § 1065.

### Defendant's Wrongful Conduct

13. Defendant uses the trademark LIVE LIFE COMFORTABLY in connection with its marketing and sales of an array of furniture including sofas, chairs, recliners, loveseats, sectionals, lift chairs, and sleepers.

14. Defendant displays the LIVE LIFE COMFORTABLY mark on the pages of its website, www.la-z-boy.com.

15. Defendant displays the LIVE LIFE COMFORTABLY mark in its print advertising

16. Defendant displays the LIVE LIFE COMFORTABLY mark in its television advertising.

17. Defendant uses the LIVE LIFE COMFORTABLY mark in connection with marketing and sales of its sleepers, which may be depicted with associated bedding such as pillows, pillow cases, blankets, sheets, and comforters as in Exhibit A.

18. Defendant has began marketing and/or licensing La-Z-Boy branded bedding products, and has used and/or authorized the use of the LIVE LIFE COMFORTABLY mark in connection with these products, including, but not limited: pillows, pillow shams, pillow cases, bed sheets, and comforters, as exemplified in Exhibits B and C.

19. Defendant has neither requested nor received permission of Hollander to use the Hollander Marks in any manner.

20. Defendant has no association, affiliation, sponsorship, or any other connection to Hollander.

21. Defendant has acted deliberately in an ongoing attempt to cause substantial and irreparable damage to Hollander's business and to confuse consumers as to the source or sponsor of the products and owner of the Hollander Marks.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement In Violation Of 15 U.S.C. § 1114(1)

22. Hollander reasserts the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

23. Defendant's unauthorized use of the Hollander Marks, particularly in connection with bedding products, is likely to continue to cause confusion, and/or to cause mistake, and/or to deceive, in violation of Section 32(1) of the Lanham Act (15 U.S.C. § 1114(1)).

24. The aforesaid acts of Defendant were committed willfully, knowingly, maliciously, and in conscious disregard of its legal obligations to Hollander.

25. The aforesaid conduct of Defendant has caused, and unless restrained by this Court will continue to cause, immediate, great, and irreparable harm to Hollander's property and business.

26. Hollander has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### False Designation Of Origin And Unfair Competition In Violation Of 15 U.S.C. § 1125(a)

27. Hollander reasserts the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

28. Defendant's unauthorized use of the Hollander Marks, particularly in connection with bedding products, are likely to continue to cause confusion, and/or mistake, or to deceive as to origin, sponsorship, or approval of Defendant's goods, services, or commercial activities, in violation of Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

29. The aforesaid acts of Defendant were committed willfully, knowingly, maliciously, and in conscious disregard of Hollander's rights.

30. The aforesaid conduct of Defendant has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Hollander's property and business.

31. The aforesaid conduct of Defendant has caused Hollander to sustain monetary damage, loss, and injury in an amount to be determined at the time of trial.

32. Hollander has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### Dilution In Violation Of 15 U.S.C. § 1125(c)

33. Hollander reasserts the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

34. Hollander's LIVE COMFORTABLY mark is famous and was so before Defendant began its use of the mark LIVE LIFE COMFORTABLY.

35. With knowledge of the fame of the LIVE COMFORTABLY mark, Defendant adopted and used the mark LIVE LIFE COMFORTABLY with the intention of luring unsuspecting customers of Hollander to Defendant.

36. Defendant's actions lessen the capacity of Hollander's famous LIVE COMFORTABLY mark to identify and distinguish Hollander's services, thereby diluting the LIVE COMFORTABLY mark.

37. Defendant willfully intended to trade on Hollander's reputation and to cause dilution of Hollander's famous LIVE COMFORTABLY mark as evidenced by Defendant's adoption, use and continued use of the mark LIVE LIFE COMFORTABLY after having been apprised of Hollander's rights.

38. Defendant's acts, as alleged above, constitute dilution of Hollander's famous LIVE COMFORTABLY mark in violation of Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

39. The aforesaid conduct of Defendant has caused, and unless enjoined by this Court will continue to cause, immediate and irreparable injury to Hollander's famous LIVE COMFORTABLY mark, Hollander's good name and reputation, and Hollander's goodwill in a manner that cannot be calculated or compensated for by money damages alone.

40. The aforesaid acts of Defendant were committed willfully, knowingly, maliciously and in conscious disregard of Hollander's rights.

41. Hollander has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
### Common-Law Unfair Competition

42. Hollander reasserts the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

43. The aforesaid acts of Defendant constitute unfair competition and unfair business practices contrary to the common law of the United States.

44. The unfair competition and unfair business practices of Defendant have been continuous, deliberate, malicious, willful, and done in conscious disregard of Hollander's rights.

45. The aforesaid acts of Defendant were committed willfully, knowingly, maliciously, and in conscious disregard of Hollander's rights.

46. The aforesaid conduct of Defendant has caused, and unless restrained by this Court will continue to cause, immediate and irreparable injury to Hollander's property and business.

47. The aforesaid infringement by Defendant has caused Hollander to sustain monetary damage, loss, and injury in an amount to be determined at the time of trial.

Hollander has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
### Opposition of Trademark Application

48. Hollander reasserts the allegations contained in Paragraphs 1 through 21 as if fully set forth herein.

49. Hollander has filed an opposition against the registration of Defendant's Application Serial No. 85/119,481 with the United States Patent and Trademark Office.

50. This Court has the authority to determine the right to registration, order the cancellation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify registrations of any party to this action pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119 *et seq.*

51. Defendant filed an application for trademark registration of the mark "LIVE LIFE COMFORTABLY" as reflected in trademark application Serial No. 85/119,481, filed August 31, 2010.

52. Defendant's use of the mark "LIVE LIFE COMFORTABLY" is confusingly and deceptively similar to the previously used and registered Hollander Marks.

53. The products provided by Hollander under its Hollander Marks are highly similar to, if not the same as, and directly competitive with the services listed in Defendant's application for registration of the mark "LIVE LIFE COMFORTABLY."

54. The use and registration by Defendant of the mark "LIVE LIFE COMFORTABLY" is likely to cause confusion or to cause mistake or deception in the trade, and among purchasers and potential purchasers, with the previously used and registered Hollander Marks, resulting in damage to Hollander.

55. Registration of the mark shown in Application Serial No. 85/119,481 will result in damage to Hollander under the provisions of Sections 2(a) and 2(d) of the U.S. Trademark Act, 15 U.S.C. § 1052, pursuant to the allegations stated above.

56. The foregoing facts justify denying registration of Defendant's Application Serial No. 85/119,481, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119 *et seq.*

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Hollander Hollander Home Fashions, LLC, respectfully requests this court to enter judgment against Defendant, La-Z-Boy, Inc., as follows:

A. A preliminary and permanent injunction enjoining Defendant and its officers, agents, servants, employees, attorneys, and all other persons in active concert or participation with any of them, from:

    a. Using, reproducing, advertising, or promoting any of the Hollander Marks in connection with the offer or sale of any goods or services, the use of any domain name, the rendering of any service or any commercial activity;

    b. Using, reproducing, advertising, or promoting any trademark, URL, or copyright that is confusingly similar to, or a colorable imitation of, any of the Hollander Marks;

    c. Using, reproducing, advertising, or promoting any trademark, or name that may be calculated to represent or that has the effect of representing that the products or services of Defendant or any other person are sponsored by, authorized by, or in some way associated with Hollander;

    d. Using, reproducing, advertising, or promoting in connection with any product or service the name, trademark, or copyright, or any name, trademark, copyright, or URL confusingly similar therewith;

  e. Injuring the commercial reputation, renown, and goodwill of Hollander or any of the Hollander Marks;

  f. Using or reproducing any word, term, name, symbol, or device, or any combination thereof, which confuses or falsely represents or misleads, is calculated to confuse, falsely represent, or mislead, or which has the effect of confusing, falsely presenting, or misleading, that the activities of Defendant or another are in some way connected with Hollander or are sponsored, approved, or licensed by Hollander; and

  g. Otherwise unfairly competing with Hollander.

  B. An order barring Defendant from applying to register, registering or maintaining any URL that contains the Hollander Marks or confusingly similar marks or combinations.

  C. An accounting to determine Defendant's profits in connection with sales of products or services identified by any of the Hollander Marks, or use by Defendant of any mark, badge, copyright, or designation likely to be confused with the foregoing and an award to Hollander of such profits;

  D. An award of compensatory damages arising out of Defendant's infringement and trebled as provided by 15 U.S.C. § 1117;

  E. A monetary award to Hollander in the amount of the actual damages sustained by it resulting from Defendant unfairly competing with Hollander;

  F. An award to Hollander of exemplary and/or punitive damages;

  G. An order instructing the United States Patent and Trademark Office to deny registration of Defendant's Application Serial No. 85/119,481, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119 *et seq.*

H. An award by the Court to Hollander of its reasonable attorney fees and the costs of this action;

I. Prejudgment and postjudgment interest on the above monetary awards; and

J. Such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Hollander hereby demands a trial by jury on all issues so triable.

Dated: May 19, 2011                                   Respectfully submitted,

By: s/G. Joseph Curley
G. Joseph Curley
Florida Bar No. 571873
jcurley@gunster.com
Brian McPherson
Florida Bar No. 735541
bmcpherson@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Drive, Suite 500 E.
West Palm Beach, FL 33401-6194
Telephone:561.655.1980
Facsimile: 561.655.5677
*Counsel for Plaintiff, Hollander
Home Fashions, LLC*

Bruce H. Sales
bsales@ldlkm.com
Gregg. A Paradise
gparadise@ldlkm.com
Robert B. Hander
rhander@ldlkm.com
Lerner, David, Littenberg, Krumholz
& Mentlik, LLP.
600 South Avenue West
Westfield, NJ 07090-1497
Telephone: 908.654.5000
Facsimile: 908.654.7866
*Counsel for Plaintiff, Hollander
Home Fashions, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on Monday, May 23, 2011, I electronically filed the foregoing with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record and pro se parties identified below in the manner specified, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: s/G. Joseph Curley
G. Joseph Curley

WPB 1120491.1